IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUWAYNE M. TAYLOR,
No. 14895-026,

Petitioner,

vs.                                                      Case No. 15-cv-735-DRH

JAMES CROSS, JR.

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He relies on the recent decision of the Supreme Court in *Johnson v. United States*, which held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (June 26, 2015).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

### The Petition

In the District Court for the Central District of Illinois, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Doc. 1-1, p. 1). *United States v. Taylor*, Case No. 08-cv-20059 (C.D. Ill.). He was found to be an armed career criminal under 18 U.S.C. § 924(e)(2)(B)(ii) (the "residual clause"), and on July 22, 2009, was sentenced to 15 years in prison. This enhanced sentence was based in part on a 1999 Macon County, Illinois, conviction for aggravated discharge of a firearm, which was considered to be a crime of violence under the ACCA's residual clause (Doc. 1-1, p. 3).

Petitioner did not file a direct appeal. He did pursue relief under 28 U.S.C. § 2255, but did not raise the issue he relies on herein.

In the instant petition, Taylor argues that *Johnson* is a "retroactive substantive change in decisional law" that establishes his "actual innocence" of violating § 924(e) (Doc. 1-1, p. 3). Further, he asserts that § 2255 is inadequate or ineffective to provide a remedy, because *Johnson* "narrowed the scope" of the ACCA "by interpreting its terms," and was decided after the conclusion of his initial § 2255 motion (Doc. 1, p. 4). He asks this Court to vacate his enhanced sentence, and remand his case to the trial court for resentencing.

### Discussion

Petitioner's characterization of the *Johnson* case indicates that he is

attempting to bring his § 2241 challenge pursuant to the "savings clause" of 28 U.S.C. § 2255(e).  This section authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002).  The limitations in § 2255 on bringing a second or successive motion do not render § 2255 inadequate.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

  Under Seventh Circuit precedent, a § 2241 petitioner must meet three conditions in order to fit within the savings clause following *Davenport*.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

This Court understands *Johnson* to be a constitutional case, not a statutory interpretation case as petitioner seeks to characterize it. Thus, it would appear to fall outside the scope of § 2255's "savings clause" on that basis alone. Further, no court has yet held that *Johnson* will apply retroactively to collateral attacks on a sentence.

Nonetheless, due to the limited record before the Court at this stage regarding petitioner's conviction and the basis for the trial court's sentencing decision, and in light of the still-developing application of the holding in *Johnson*, the Court concludes that this action is not subject to dismissal pursuant to Rule 4. Accordingly, a response shall be ordered.

It is **HEREBY ORDERED** that within thirty days of the date this order is entered,[1] respondent shall brief the following two issues for the Court: First, what impact, if any, does *Johnson* have on petitioner's current sentence? And second, is the Southern District of Illinois a proper venue to resolve petitioner's request for relief, or should this matter be transferred to the district court where petitioner was sentenced? This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.

Service upon the United States Attorney for the Southern District of Illinois,

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **Dated: July 29, 2015**

Digitally signed by David R. Herndon
Date: 2015.07.29 16:44:14 -05'00'

**United States District Judge**