IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUWAYNE M. TAYLOR,
No. 14895-026,

Petitioner,

vs.                                                                Case No. 15-cv-735-DRH

JAMES CROSS, JR.

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter comes before the Court on several motions filed by respondent (Docs. 9, 10, & 11). The motion seeking leave to file an *instanter* response (Doc. 10) is **GRANTED**. The response, in the form of a motion to dismiss the action on procedural grounds, has been filed at Doc. 11. That motion to dismiss shall also be **GRANTED**, which renders moot the motion (Doc. 9) seeking an extension of time.

As respondent correctly points out, "[f]ederal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.' " *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is when a § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), established

three conditions for when this exception applies. *Id.* at 610-12. First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.2013) (citations omitted) (internal quotation marks omitted).

The Court agrees that petitioner's claim is not one that falls within the "savings clause" of § 2255(e), thus it is not properly brought under § 2241. *Johnson v. United States*, 135 S. Ct. 2551 (2015), is a constitutional case, not a statutory-interpretation case. For this reason, the instant § 2241 action shall be dismissed. Further, recent developments within the Seventh Circuit indicate that 28 U.S.C. § 2255 may be available as a vehicle for prisoners who were sentenced under the now-invalidated "residual clause" of the Armed Career Criminal Act to bring a claim under *Johnson*.

On August 4, 2015, the Seventh Circuit authorized the District Court to consider a second or successive § 2255 motion which sought relief pursuant to *Johnson*. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015); s*ee also* § 2255(h)(2). *Price* suggests that a motion filed pursuant to § 2255 is the appropriate vehicle to bring a *Johnson* claim.

If petitioner decides to bring his claim under § 2255, he is advised that because he previously filed a § 2255 motion, he, like the petitioner in *Price,* would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3). In his case, since he was convicted in the Central District of Illinois, he must apply to the Seventh Circuit. Petitioner is also cautioned that there is a one-year time limit on bringing such an action. *See* 28 U.S.C. § 2255(f).

### Disposition

The motion for extension of time (Doc. 9) is **TERMINATED** as **MOOT**. The motion for leave to file *instanter* response (Doc. 10) and the motion to dismiss (Doc. 11) are **GRANTED**.

This § 2241 action is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464,

467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: September 11, 2015**

Digitally signed by David R. Herndon
Date: 2015.09.11 09:37:46 -05'00'

**United States District Judge**